UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS PARTIDA-REYEZ,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:15-cv-00575-RCJ-VPC<br><br>ORDER |

　　　Before the court is a *pro se* submission styled as a motion requesting final disposition re retainer filed by Luis Partida-Reyez (ECF No. 1-1). Partida-Reyez has not submitted a complaint or a petition, or an application to proceed *in forma pauperis* or paid any filing fee. Accordingly, this action is improperly commenced. Further, the court has reviewed the submission and would lack jurisdiction to grant the relief Partida-Reyez appears to seek in any event.

　　　Partida-Reyez is in custody pursuant to a judgment of conviction by a state court. However, he does not challenge the validity of that judgment. Instead, he states that a federal detainer has been lodged against him for criminal re-entry and seeks to compel final disposition on the detainer. The court assumes that Immigration and Customs Enforcement intends to seek Partida-Reyez's removal from the United States upon his discharge or parole from imprisonment. Partida-Reyez likely wishes to pursue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For this court to have jurisdiction over Partida-Reyez's claims, however, petitioner would need to be in the custody of an officer of Immigration and Customs Enforcement. See 28 U.S.C. § 2241(c). A detainer

placed upon petitioner by Immigration and Customs Enforcement does not place him in the custody of that agency.  *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** as improperly commenced.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 26 January 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE